IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JESSIE L. ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Crim.No. 04-04034-01-CR-C-NKL |
| | ) | Civ . No. 07-04213-CV-C-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

ORDER

Pending before the Court is Movant Jessie Robinson's ("Robinson") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Motion will be denied.

## I.  Background

On May 14, 2004, Robinson was charged in a three-count indictment that charged him with two counts of distribution of cocaine base ("crack") and one count of possession of 50 grams or more of a mixture and substance containing cocaine base. On May 19, 2004 and July 18, 2005, the Government filed notices pursuant to 21 U.S.C. § 851, charging that, having previously been convicted of three felonies - unlawful delivery of a controlled substance, armed violence and possession of a controlled substance - Robinson

1

would be subject to an enhanced penalty for Count Three under 21 U.S.C. § 841(b)(1)(A), a mandatory life sentence.

On August 8, 2005, a jury convicted Robinson on all counts. On November 15, 2005, Judge Nanette K. Laughrey sentenced Robinson for concurrent terms of imprisonment on Count One and Count Two for 210 months, both concurrent to the mandatory life sentence under Count Three. Robinson appealed his sentence to the Eighth Circuit Court of Appeals, which affirmed the district court's judgment. *United States v. Robinson*, 455 F.3d 832 (8th Cir. 2006). Robinson now argues that this counsel was ineffective for failing to challenge the mandatory life sentence imposed under 21 U.S.C. § 841(b)(1)(A), because it is imposed for 50 grams or more of cocaine base, but is not triggered for powder cocaine until the drug quantity reaches 500 or more grams. As a result, Robinson claims the Court violated his rights under the Fifth and Eighth Amendments to the U.S. Constitution.

**II.     Discussion**

In his Section 2255 motion, Robinson claims that he received ineffective assistance of counsel because his counsel, Kimberly Jane Shaw ("Shaw"), asked for leniency as to sentencing under Count One and Count Two, but "stood remarkably silent as to Count Three . . ." which imposed the mandatory life sentence. (Doc. 12, 2).

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient and (2) that the deficiency prejudiced the outcome of the trial.

2

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence."  *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995).  Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  This showing must include an analysis of the probability that the relief would have been granted by the Court.  *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (holding that if there is no reasonable probability that the motion would have been successful, movant cannot prove prejudice).  The court need not address both components if the movant makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (citing *Strickland*, 466 U.S. at 697).

    Robinson has not made a showing that Ms. Shaw's representation fell below an objective standard of reasonable competence.  Because of Robinson's earlier convictions, which he does not challenge, the Court had no discretion in imposing the life sentence under Count Three.  (Tr. 5) ("As to Count Three, however, that guideline range is overridden by the statutory minimum of life in prison.").  Because the Court had no authority to impose a sentence other than the mandatory sentence of life imprisonment, Ms. Shaw could not have been ineffective for failing to request sentencing relief to which

3

Robinson was not entitled.  *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Even if the Court accepted that Ms. Shaw should have objected to the mandatory life sentence based on a speculation that the U.S. Supreme Court may issue a relevant opinion as to the powder cocaine/crack disparity, Robinson has set forth no evidence that a lighter sentence would have been imposed.  *See Nichols v. United States*, 501 F.3d 542 (6th Cir. Aug. 16, 2007) (decision vacated pending hearing en banc) (acknowledging that "only in a rare case" will counsel's failure to anticipate changes in the law support a claim of ineffective assistance and even then, it will be difficult to show prejudice).  Robinson claims that the life sentence constitutes "cruel and unusual punishment" due to the sentencing disparity between "crack" cocaine and powder cocaine.  He further challenges the sentence disparity on the basis of due process.

It is true that district judges apply the United States Sentencing Guideline in an advisory manner.  *United States v. Booker,* 543 U.S. 220, 245, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Furthermore, this Court is aware of the recent changes to the sentencing guidelines as seen in *Kimbrough v. United States,* 128 S.Ct. 558, 169 L. Ed. 2d 481 (2007), and 18 U.S.C. 3582(c)(2).  However, Robinson was sentenced to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).  Even though the crack cocaine amendment applies retroactively, Robinson cannot directly benefit from the two-level reduction of the crack cocaine base offense level because of his mandatory

4

minimum sentence. *Thomas v. United States*, 2008 U.S. Dist. LEXIS 10070 (E.D. Mo. Feb. 11, 2008).

**III. Conclusion**

Accordingly, Robinson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: March 31, 2008  
Jefferson City, Missouri